FILED

2019 Aug-05  PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DESTRY CORNELIUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | **2:19-cv-00810-SGC** |
| **BIRMINGHAM-JEFFERSON** | ) | |
| **COUNTY TRANSIT AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

COMES NOW defendant, the Birmingham-Jefferson County Transit Authority (hereinafter "defendant"), by and through undersigned counsel of record, and hereby Answers the Complaint of plaintiff, Destry Cornelius (hereinafter "plaintiff"), as follows:

### JURISDICTION

1.     Defendant does not dispute jurisdiction, however, to the extent that this paragraph contains any allegations against the defendant, said allegations are denied.

2.     Defendant does not dispute jurisdiction, however, to the extent that this paragraph contains any allegations against the defendant, said allegations are denied.

### VENUE

3.     Defendant does not dispute venue, however, to the extent that this paragraph contains allegations against the defendant, said allegations are denied.

**PARTIES**

4.      Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore said allegations are denied.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Defendant admits that it employs individuals, but to the extent this paragraph contains any allegations of wrongdoing against the defendant, said allegations are denied.

14.     Defendant admits that it employs individuals, but to the extent this paragraph contains any allegations of wrongdoing against the defendant, said allegations are denied.

**ADMINISTRATIVE PREREQUISITES**

15.     Admitted.

16.     Admitted.

17.    Admitted.

18.    Admitted.

19.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

20.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

20. (sic)  Admitted.

21.    Admitted.

22.    Admitted.

## COUNT ONE
## TITLE VII – RACE DISCRIMINATION
### (Termination)

23.    Admitted to the best of defendant's knowledge.

24.    Admitted.

25.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

26.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

27.    Admitted.

28.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

29.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

30.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

31.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

32.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

33.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

34.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

35.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

36.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

37.    Admitted.

38.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

39.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

40.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

41.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

42.     Admitted.

43.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

44.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

45.     Admitted.

46.     Defendant denies that a preexisting BJCTA employee "assumed" the plaintiff's job duties and responsibilities as Staff Accountant.

47.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

## COUNT TWO
## 42 USC § SECTION 1981 – RACE DISCRIMINATION
### (Disparate Treatment and Termination)

48.     Admitted to the best of defendant's knowledge.

49.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

50.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

51.     Admitted.

52.     Admitted.

53.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

54.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

55.     Admitted.

56.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

57.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

58.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

59.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

60.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

61.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

62.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

63.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

64.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

65.     Admitted.

66.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

67.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

68.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

69.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

70.     Admitted.

71.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

72.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

73.    Admitted.

74.    Defendant denies that a preexisting BJCTA employee "assumed" the plaintiff's job duties and responsibilities as Staff Accountant.

75.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

76.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

77.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

78.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

## COUNT THREE
## TITLE VII – RETALIATION

79.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

80.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

81.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

82.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

83.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

**COUNT FOUR**
**42 USC § 1981 – RETALIATION**

79.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

80.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

81.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

82.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

83.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

9

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands and the plaintiff has failed to do equity.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1981.

## FIFTH AFFIRMATIVE DEFENSE

Defendant pleads all available doctrines of immunity, including but not limited to absolute immunity, discretionary function immunity, substantive immunity, qualified immunity, judicial immunity, legislative immunity, and State-agent immunity.

## SIXTH AFFIRMATIVE DEFENSE

Defendant pleads the doctrines of waiver, estoppel, accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads failure to join an indispensable party.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff lacks standing.

## NINTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff is not entitled to equitable relief.

## TENTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff has no clear right to the relief sought in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff has failed to show the likelihood of irreparable harm.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant pleads the issuance of an injunction would not serve the public interest and that the harm that would occur to the defendants if an injunction is issued is greater than any harm to the plaintiff if an injunction is not issued.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant pleads the following defenses in regard to the plaintiff's claims for punitive damages:

A.     An award of punitive damages against this defendant would deny this defendant the right to due process under the Fourteenth Amendment of the United States Constitution and the due process clause of Article I, Section 13 of the Alabama Constitution.

B.     Any award of punitive damages against this defendant, which are penal in nature, would violate this defendant's right under the Alabama Constitution of 1901 and the United States Constitution.

C.     Any award of punitive damages against this defendant would not be based on proper standards and jury instructions.

D.      There is no rational relationship between any award of punitive damages against this defendant's alleged conduct.

E.     Any joint and several awards of punitive damages against this defendant would not properly allocate fault specifically to this defendant and would thereby frustrate the penal purpose of punitive damages.

F.     Punitive damages may not be assessed against this defendant based on Alabama Code § 11-47-190 et seq. (1975).

G.     Any award of punitive damages against this defendant would violate the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Alabama Constitution regarding excessive fines.

H.     An award of punitive damages would violate this defendant's rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

I.     This defendant pleads that any award of punitive damages to the plaintiff in this action would be in violation of the guarantees and safeguards provided to this defendant under the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the punitive damages are vague and are not directly related to a legitimate government interest.  Furthermore, that an award of punitive damages would be in violation of Article I, Section 6 of the United States Constitution, which provides that no person shall be deprived of life, liberty or property except by due process of law in that punitive damages are vague and are not rationally related to a legitimate governmental interest.

J.     This defendant plead that the plaintiff's claims for punitive damages are capped and/or barred according to Alabama Code § 6-11-21 et seq. (2008).

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff failed to mitigate damages.

13

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant avers that the plaintiff's Complaint fails to state a claim pursuant to §§ 11-93-1 and 11-93-22 and § 11-47-23 of the Alabama Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant pleads that each and every action taken by the defendant was taken in the good faith belief that the same was legal and lawful at the time so taken.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff has failed to exhaust his administrative remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant pleads that its alleged actions and/or inactions are not the proximate cause of the plaintiff's alleged injuries.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant pleads not guilty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant contests each and every item of damages alleged in the Complaint and pleads that the plaintiff has failed to prove damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the doctrine of respondeat superior.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads set-off and recoupment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that that plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to §11-47-190 of the Alabama Code.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff's Complaint fails to meet the heightened pleadings standards required by 42 U.S.C. § 1981 and 42 U.S.C. § 1983 et seq.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the Ala. Code §6-11-26 et seq.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to § 11-93-1 et seq., Code of Alabama (1975), as amended.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred by the doctrine of laches.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant asserts that some or all of the plaintiff's claims are barred by the doctrines of collateral estoppel or issue preclusion.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant asserts that some or all of the plaintiff's claims are barred by the doctrines of res judicata or claim preclusion.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts that some or all of the plaintiff's claims are barred by the doctrines of consent, justification, estoppel, and/or privilege.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant asserts that the plaintiff failed to state a claim upon which relief can be granted pursuant to Title VII of the Civil Rights Act of 1964.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to amend and supplement this Answer and these Affirmative Defenses as discovery proceeds in this case.  To the extent that any of the allegations in the plaintiff's Complaint have not been expressly admitted or denied, said allegations are denied and defendant demands strict proof thereof.

### DEFENDANT DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

*s/ Michael A. Casey, Jr.*
Michael A. Casey, Jr. (ASB-3152-A54C)
**DONAHUE & ASSOCIATES, LLC**
1020 22nd Street South
Birmingham, Alabama 35205
T: 205.871.8858
F: 205.879.1679
E: mcasey@donahue-associates.com

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Cynthia Forman Wilkinson
**WILKINSON LAW FIRM, P.C.**
215 N. Richard Arrington Jr. Blvd.
Suite 301
Birmingham, Alabama  35203
Email: wilkinsonefile@wilkinsonfirm.net

Heather Newsom Leonard
**HEATHER LEONARD, P.C.**
2105 Devereux Circle, Suite 111
Birmingham, Alabama  35243
Email:  Heather@HeatherLeonardPC.com


*s/ Michael A. Casey, Jr.*
OF COUNSEL

17